Salomon CASIQUE–CAMACHO; Maria De Jesus Casique; Consuelo Casique–Hernandez; Bibiana Casique–Hernandez, Petitioners,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–74272.

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 2004.*

Decided March 30, 2004.

Keren Bahar, Law Offices of Edgardo Quintanilla, Sherman Oaks, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark C. Walters, Esq., Jennifer Lightbody, U.S. Department of Justice, Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, TASHIMA, and WARDLAW, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Salomon Casique–Camacho and members of his family, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") denial of their "motion to reconsider and reopen."[1] We have jurisdiction pursuant to 8 U.S.C. § 1252, grant the petition for review, and remand for further proceedings.

Petitioners' original appeal to the BIA was rejected because their attorney failed to include the required fee. The attorney then refiled the appeal along with the fee, but the BIA dismissed the appeal as untimely. The Board incorrectly noted that the attorney did not file a Notice of Entry of Appearance.

In finding Petitioners' subsequent pro se motion alleging ineffective assistance of counsel to be untimely, the BIA elected not to decide whether equitable tolling should apply. Reviewing this purely legal question de novo, see Socop–Gonzalez v. INS, 272 F.3d 1176, 1187 (9th Cir.2001) (en banc), we conclude that the BIA ruled erroneously. "This court ... recognizes equitable tolling of deadlines and numerical limits on motions to reopen or reconsider during periods when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error." Iturribarria, 321 F.3d at 897.

The record before the BIA supported Petitioners' contention that they continued, until after the deadline for a motion to reopen, to retain the same attorney who initially neglected to submit the required appeal fee. We therefore remand for the BIA to consider whether Petitioners' "ignorance of the limitations period was caused by circumstances beyond [their] control." Socop–Gonzalez, 272 F.3d at 1193.

**PETITION FOR REVIEW GRANTED; REMANDED.**

1. The BIA treated this filing as a motion to reconsider, but we construe it as one to reopen. See Iturribarria v. INS, 321 F.3d 889, 897 (9th Cir.2003) ("[T]his court and other circuits have treated motions based on ineffective assistance of counsel claims as motions to reopen.").

